UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

TREETOPS ACQUISITION CO., L.L.C.,           Case No. 14-22602-dob
                                                    Chapter 11 Proceeding
            Debtor.                                  Hon. Daniel S. Opperman
_____/
TREETOPS ACQUISITION CO., L.L.C.,

       Plaintiff,

v.                                                                 Adversary Proceeding
                                                                Case No. 15-2072-dob

SIGMA ALPHA MU FRATERNITY, et al.,

       Defendant.
_____/

## OPINION GRANTING PLAINTIFF'S MOTION FOR ABSTENTION AND REMAND

### Introduction and Facts

The Plaintiff in these consolidated Adversary Proceedings is the Debtor, Treetops Acquisition Company, L.L.C. Plaintiff owns and operates a resort, offering guests golfing and other amenities. The Defendants are: Sigma Alpha Mu Fraternity, Inc.; Sigma Iota Chapter of Sigma Alpha Mu Fraternity; Sam-Si Corp.; the Chi Chapter of Sigma Delta Tau Sorority; as well as various named individual Defendants. Plaintiff commenced a Chapter 11 bankruptcy case on November 25, 2014. Plaintiff commenced this action originally in state court, the Otsego County Circuit Court, on May 18, 2015, against Defendants for damages allegedly caused by certain Defendants of Plaintiff's property while guests of Plaintiff in January 2015. In the state court action, Plaintiff alleged state law negligence, conversion, tortious interference, breach of contract, negligent supervision, fraudulent transfer, assumption of duty and constructive trust claims against

1

Defendants.

The action was commenced after Plaintiff concluded the potential for settlement with Defendants had diminished or became non-existent. Plaintiff received a one-time payment of $25,000.00 from the local chapter of Sigma Alpha Mu, and while promises were made to Plaintiff to continue payments until Plaintiff was compensated in full, payment ceased after this initial payment. Plaintiff thereafter filed a claim for the personal property damages with its insurer, Philadelphia Insurance Company, which has since paid approximately $200,000 to Plaintiff on these claims, which does not compensate Plaintiff in full for its damages, which it estimates to be in the total approximate amount of $400,000. Additionally, Philadelphia Insurance Company will have rights of subrogation against Defendants for any amounts paid to Plaintiff on its insurance claim.

On June 30, 2015, Defendants Sigma Alpha Mu Fraternity and Sam-Si Corp. removed the state court action to the United States District Court for the Eastern District of Michigan, Northern Division. The District Court case was assigned Case Number 15-cv-12338, with the Honorable Thomas L. Ludington presiding. Just two days later, on July 2, 2015, Defendant Sigma Delta Tau Sorority removed the state court action to this Court, pursuant to Federal Rule of Bankruptcy Procedure 9027, and asserting this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), because it is "related to" Plaintiff's bankruptcy case. Specifically, Defendant Sigma Delta Tau asserts that the outcome of this action, "including any potential recovery or lack thereof by Treetops, will affect Treetops' administration of its bankruptcy estate as debtor in possession."

On July 20, 2015, Plaintiff filed the instant Motion to remand this action back to the Otsego County Circuit Court, arguing that this Court does not even have "related to" jurisdiction over

2

Plaintiff's bankruptcy case pursuant to 28 U.S.C. § 1334(b), because the outcome of the Otsego County action will not have any effect on the bankruptcy estate. Plaintiff points to the fact that its Chapter 11 Plan of Reorganization is now confirmed, having been confirmed on July 27, 2015, and that its post-confirmation success is not dependent on the outcome of the Otsego County action. Plaintiff further points out that if the Otsego County action results in recovery to it, "a substantial portion of that recovery is subject to [its] insurer's subrogation claim." Alternatively, if this Court determines that "related to" jurisdiction exists, this Court must remand this action pursuant to either 28 U.S.C. § 1334(c)(2), requiring mandatory abstention, or 28 U.S.C. § 1334(c)(1), requiring permissive abstention.

Defendants oppose this Motion for Remand, arguing that the phrase "related to" should be construed broadly to confer jurisdiction over this action. Defendants assert that this cause of action and any recovery therefrom was disclosed in Plaintiff's now confirmed Third Amended Plan Supplement (Docket #273); thus, such should be considered property of, and "related to," the bankruptcy estate. Defendants argue that mandatory abstention does not apply under the factors, and because the requirement that the state court action be commenced prior to the bankruptcy filing is not satisfied. Defendants assert there is no basis for permissive abstention.

On September 30, 2015, District Court Judge Thomas L. Ludington, upon learning of the identical proceeding pending before this Court, which had been removed by a different Defendant, entered an Order Referring Case to this Court pursuant to Eastern District of Michigan Local Rule 83.50, holding:

> Here, Plaintiff's claim against Defendants is property of the bankruptcy estate, and therefore related to a case under Title 11. Because the present matter is related to a case under Title 11, and in the interests of uniformity, this case will be referred to the bankruptcy court.

3

After notification of the Order of Referral, the Clerk of this Court opened the District Court matter here as Adversary Proceeding No. 15-2111. Because the parties and underlying action were identical in both proceedings, this Court entered an Order on October 16, 2015, Consolidating Adversary Proceedings 15-2072 and 15-2111. With the consolidated proceedings now properly before this Court, the Court issues its Opinion on Plaintiff's Motion for Remand.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. The parties agree that this is not a core proceeding. Therefore, the Court could only have jurisdiction of this proceeding if it is determined to be "related to" this Chapter 11 bankruptcy case pursuant to 28 U.S.C. § 1334(b).

## Applicable Authority

Removal and Remand

28 U.S.C. § 1452 states:

Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

4

The Sixth Circuit has held, without comment, that "[t]he abstention provisions of 28 U.S.C. § 1334(c)(2) apply even though a case has been removed pursuant to 28 U.S.C. § 1452." *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579, 584 n.3 (6th Cir. 1990). Therefore, the Court must analyze the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) (applicable only to related proceedings), the permissive abstention provision of § 1334(c)(1) (applicable to both core and related proceedings), and equitable remand under § 1452(b).

Mandatory Abstention Under 28 U.S.C. § 1334(c)(2)

Section 1334(c)(2) provides for mandatory abstention, stating:

(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Under 28 U.S.C. § 1334(c)(2), a bankruptcy court must abstain when the following six requirements are satisfied: (1) the motion is timely filed; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (in other words, the claim or cause of action is non-core); (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the state law claim or cause of action is the subject of an action that is commenced in a state forum of appropriate jurisdiction; and (6) the state court action can be timely adjudicated. 28 U.S.C. § 1334(c)(2). *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers on Conn. et al. (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996); *accord Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., Inc.,* 302 B.R. 620, 627 (N.D. Iowa 2003).

5

A proceeding is considered "core" only if it "invokes a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *Sanders Confectionery Prod., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). "Claims that arise under the Bankruptcy Code or arise in a bankruptcy case are core matters; claims that relate to a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code are non-core." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999) (internal quotations omitted). Mandatory abstention applies only to non-core proceedings, and applies only when all the other requirements of 11 U.S.C. § 1334(c)(2) are satisfied. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996). Core proceedings may be heard by a bankruptcy court or may be remanded to state court pursuant to 28 U.S.C. § 1452.

Permissive Abstention Under 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, bankruptcy courts have discretion to abstain from hearing state law causes of action, and remand those causes of action.

The factors to be considered in determining whether permissive abstention is appropriate consist of the following non-exclusive factors: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness

6

of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

Equitable Remand Under 28 U.S.C. § 1452(b)

Under § 1452(b), the Court "may remand . . . on any equitable ground." The equitable factors that courts have considered include:

1. duplicative and uneconomical effort of judicial resources in two forums;
2. prejudice to the involuntarily removed parties;
3. forum non conveniens;
4. a holding that a state court is better able to respond to a suit involving questions of state law;
5. comity considerations;
6. lessened possibility of an inconsistent result; and
7. the expertise of the court in which the matter was pending originally.

*Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.)*, 158 B.R. 442, 444 (Bankr. N.D. Ohio 1993) (citations omitted).

Analysis

The validity of Defendants' removal of this action first depends on whether this Court has jurisdiction over it. 28 U.S.C. § 1452(a). The parties agree that, at most, the Court's jurisdiction can only be "related to" jurisdiction under 28 U.S.C. § 1334(b). The only basis for jurisdiction is that the Plaintiff happens to be the Debtor in the underlying post-confirmation Chapter 11 bankruptcy case. "Related to" proceedings are those that could be commenced in a federal or state court independent of the bankruptcy case, with the possibility of a conceivable effect upon the bankruptcy estate. *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). This Court agrees with the District Court and concludes that Plaintiff's claims against Defendants could conceivably impact its bankruptcy estate, if Plaintiff ultimately prevails and funds are recovered. Accordingly, the Court concludes that "related to" jurisdiction does exist.[1]

The Court next turns to whether it should mandatorily abstain from this proceeding pursuant to 28 U.S.C. § 1334(c)(2). The instant Motion to Remand was timely filed, having been filed within two to three weeks of Defendant removing it here. The parties do not dispute that this proceeding is based upon state law claims or state law cause of action, and is a non-core, "related to" proceeding, with the only basis for original jurisdiction in federal court being the Plaintiff's bankruptcy filing. It is also undisputed that the state law cause of action commenced by Plaintiff was originally commenced in Otsego County Circuit Court, which is a state forum of appropriate jurisdiction. Finally, there has been no showing that this state court action cannot be timely adjudicated by the Otsego County Circuit Court.

---

[1] In "related to" proceedings, unless the parties consent to the bankruptcy judge entering a final order or judgment, a bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be determined by the district judge. . . ." 28 U.S.C. § 157(c)(1).

8

Defendants' argument that mandatory abstention does not apply because the Otsego County action was commenced after Plaintiff's bankruptcy is without merit. This is a proceeding based upon state law claims that was filed by Plaintiff soon after it became apparent settlement was unlikely. The alleged actions giving rise to this action occurred approximately two months after the bankruptcy filing. The timing of the commencement of this action in the state court supports the required elements for mandatory abstention just as much as if the state court action had been filed one day prior to the bankruptcy filing. The cases cited by Defendants in support of this proposition are distinguishable as mainly involving the issue of mandatory abstention when there is no state court action filed at the time the mandatory abstention motion is brought. Further, as recognized by numerous courts, a pending state court action is not a prerequisite for mandatory abstention to apply. *See, e.g., Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 929 (5th Cir. 1999) (finding "no textual support in the statute" for the requirement of a prior proceeding); *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 774 (B.A.P. 10th Cir. 2007) (two proceedings not required by Section 1334(c)(2)). This Court agrees with this reading of the statute, and will not read into Section 1334(c)(2) a requirement that the state court action be pending at the time the bankruptcy is filed.

Alternatively, the Court concludes that even if mandatory abstention does not apply, it finds the factors for permissive abstention overwhelmingly favor Plaintiff. The state law claims asserted by Plaintiff predominate over any bankruptcy issue that arises due to Plaintiff's Chapter 11 bankruptcy filing. While the claims do not involve unsettled issues of state law, such are remotely and indirectly related to this bankruptcy case, a case that can be characterized as in the administrative post-confirmation phase. As concluded above, there is no other independent basis for jurisdiction under 28 U.S.C. § 1334. Defendants are non-debtor parties, and both parties' right

9

to a jury trial will be preserved on remand. In considering the factors for permissive abstention, the Court concludes that permissive abstention would alternatively also be appropriate.

Finally, the Court concludes that equitable remand of this proceeding would be appropriate under the factors indicated above. The fact that these claims predominately, if not exclusively, involve state law claims and law favor all of the factors in favor of Plaintiff. Further, the prejudice to the involuntarily removed party, Plaintiff, favors Plaintiff as well because Plaintiff has an interest in pursuing this action in state court, as such will likely have little or no impact on its bankruptcy case.

Accordingly, the Motion for Remand filed by Plaintiff is granted pursuant to 28 U.S.C. §§ 1334(c)(2), 1334(c)(1) and 1452(b). The Court directs Plaintiff to prepare and present an appropriate order.

**Signed on October 27, 2015**

                                            **/s/ Daniel S. Opperman**
                                    **Daniel S. Opperman**
                                    **United States Bankruptcy Judge**